In re GRAND CASINOS, INC.
SECURITIES LITIGATION.

This Document Relates to All Actions.

No. 4-96-890 JRT/RLE.

United States District Court,
D. Minnesota.

Oct. 10, 1997.

Renae D. Steiner, Minneapolis, MN, Patricia I. Avery, New York City, for Plaintiffs.

Michael E. Keyes, Craig W. Gagnon, Minneapolis, MN, for Defendants.

## MEMORANDUM ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Plaintiffs' Motion to lift the automatic stay of discovery, which is imposed by Title 15 U.S.C. § 78u–4(b)(3)(B), for the limited purpose of serving, but not enforcing, Subpoenas *duces tecum* on non-party third persons.

A Hearing on the Motion was conducted on October 8, 1997, at which the Plaintiffs appeared by Renae D. Steiner and Patricia I. Avery, Esqs., and the Defendants appeared by Michael E. Keyes and Craig W. Gagnon, Esqs.

For reasons which follow, we grant the Motion.

### II. *Discussion*

This is a private class action, which involves claimed violations of the Federal securities laws and, therefore, which is subject to the provisions of the Private Securities Litigation Reform Act of 1995 (the "Reform Act"), Title 15 U.S.C. § 78u–4. The action was commenced on September 9, 1996 and, by Order dated April 3, 1997, we granted Motions to appoint certain of the Plaintiffs as Lead Plaintiffs in the action, and to appoint their counsel as Lead Counsel. Also on April 3, 1997, the Defendants filed a Motion to dismiss the Plaintiffs' Complaint, which presently pends before the District Court.

To shed some legislative perspective to the issue which confronts us, Congress enacted the Reform Act in order to remedy a variety of perceived abuses in the prosecution of class actions which assert under the Federal securities law. As here pertinent, the Reform Act specifically provides:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

*Title 15 U.S.C. § 78u–4(b)(3)(B).*

According to Congress, the rationale which underlies this provision can be succinctly expressed as follows:

> The Securities Subcommittee heard testimony that discovery in securities class actions resembles a fishing expedition. * * * Thus, plaintiffs sometimes file frivolous lawsuits in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint. Accordingly, the Committee has determined that discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the class complaint. Courts should stay all discovery pending a ruling on a motion to dismiss a securities class action, except in the exceptional circumstance where particularized discovery is necessary to preserve evidence or to prevent undue prejudice to a party.

Senate Report No. 104–98, 104th Congress, reprinted in *1995 U.S.C.C.A.N.* 679, 693 (1995).

Nevertheless, in recognition that "the imposition of a stay of discovery may increase the likelihood that relevant evidence may be lost," *id.*, Congress also enacted Section 78u–4(b)(3)(C), which provides as follows:

During the pendency of any stay of discovery pursuant to this paragraph, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

As an arm of enforcement, Section 78u–4(b)(3)(C) provides that "[a] party aggrieved by the willful failure of an opposing party to comply with [this Section] may apply to the court for an order awarding appropriate sanctions."

Since the Defendants' Motion to Dismiss is pending, Section 78u–4(b)(3)(B) mandates that, except where necessary, discovery in the action be stayed and, here, the Defendants have expressly acknowledged their obligation, as imposed by Section 78u–4(b)(3)(C), to preserve potentially relevant evidence. The Plaintiffs, however, are concerned that documents and other tangible evidence exists which is also potentially relevant to the allegations of their Complaint, but which is in the care, custody and control of certain persons or entities, who are not parties to this action. Unlike the evidence in the parties care, custody or control, the documentary evidence of third-parties is not expressly subject to any preservation Order and, inadvertently, or otherwise, such evidence may be destroyed before the Court rules on the pending dispositive Motion. Since the conduct which gives rise to the class claim occurred within a period commencing in 1994, the Plaintiffs express a substantial concern that the ordinary document retention policies of some companies might well result in the destruction of relevant files in the ordinary course of business.

As a consequence, the Plaintiffs request that we lift the automatic stay of discovery solely for the limited purpose of allowing them to serve Subpoenas *duces tecum* upon certain third-parties. Notably, the Plaintiffs are not asking that discovery be allowed to proceed, either by way of an enforcement of

those Subpoenas, or in any other substantive way. Rather, the Plaintiffs' purpose in serving the Subpoenas is to place the third-persons on notice that this action exists, and to impose an affirmative duty on those persons to preserve the sought-after evidence until a ruling on the Defendants' Motion to Dismiss—that is, assuming that the Motion does not wholly vitiate the Plaintiffs' claim. In practical effect, by this Motion, the Plaintiffs seek to preserve the evidence of relevant third-parties as the Reform Act expressly preserves the evidence held by the parties.

The Defendants oppose this request, because, in their view, any relief from an absolute stay of all discovery would contravene the congressional purposes to be served by the stay. We are not so persuaded. If, as the Defendants argue, Congress had intended an absolute stay on discovery, then Congress would not have authorized a judicial reprieve from such a stay, when a reprieve is needed. As reflected in the language of the Reform Act, and in its pertinent legislative history, in enacting Sections 78u–4(b)(3)(B) and (C), Congress' intent was to preserve the *status quo*, pending a judicial determination of the legal sufficiency of a private Federal securities class action. In furtherance of this objective, the stay imposed by Section 78u–4(b)(3)(B) precludes class action plaintiffs from resorting to potentially intrusive discovery, while the proscriptions of Section 78u–4(b)(3)(C) prohibit class action defendants from intentionally destroying evidence which may be relevant to the allegations in the plaintiffs' Complaint.

Given this clear congressional purpose, the Plaintiffs' service of Subpoenas *duces tecum* would further Congress' intent by subjecting relevant evidence to a "stay put" directive whether in the hands of the parties, or in those of third-parties, but would not allow the Plaintiff to engage in discovery until such time as the District Court should rule on the Motion to Dismiss in a way that would warrant an enforcement of the Subpoenas. Contrary to the Defendants' suggestion, we are persuaded that we are statutorily authorized by Section 78u–4(b)(3)(B) to grant the Plaintiffs' requested relief. But see, *Asset Value Fund Limited Partnership v. Find/Svp, Inc.*,

1997 WL 588885 (S.D.N.Y., September 19, 1997). As noted, Section 78u–4(b)(3)(B) expressly invests the Court with discretion to grant relief from a stay upon a finding "that particularized discovery is necessary to preserve evidence * * *." Here, the "discovery" is distinctly "particularized" for it does no more than "preserve evidence" in the care, custody or control of third-parties, who will not be subjected to any intrusive investigation unless the Motion to Dismiss is denied, and the Plaintiffs continue to have an interest in the information requested in the Subpoenas. Accordingly, we find that the Plaintiffs have demonstrated the requisite necessity for the service of the Subpoenas *duces tecum* and, therefore, we conclude that this limited relief from the stay is warranted.[1]

Lastly, in their original Motion papers, the Plaintiffs also requested an Order which would mandate the preservation of all documents, and other tangible evidence, that could prove relevant to the allegations contained in their Complaint, whether the evidence was in the care, custody or control of the parties to this action, or in that of a third-person or persons. The Plaintiffs no longer press that issue, as the preservation of evidence in the possession of the parties is statutorily automatic, and we are aware of no authority which would subject third-persons to our jurisdiction, and the Plaintiffs have not drawn any such authority to our attention. See, *Asset Value Fund Limited Partnership v. Find/Svp, Inc.*, supra at * 1 (declining to enter document preservation order in absence of showing that Court could exercise personal jurisdiction over third-parties). Accordingly, we do not grant that aspect of the Plaintiffs' Motion which requests the issuance of a Preservation Order.

NOW, THEREFORE, It is—

ORDERED:

1. That the Plaintiffs' informal Motion for relief from the automatic stay of discovery is GRANTED, but solely to allow the Plaintiffs to serve Subpoenas *duces tecum* upon third-persons, and the Plaintiffs are **not** granted leave to enforce these Subpoenas until further Order of the Court.

2. That the Plaintiffs request for the issuance of a Preservation Order is DENIED.

---

1. We need not reach a decision on whether the Plaintiffs should be allowed to enforce the Subpoenas, during the course of the stay, as that issue is not before us in view of the Plaintiffs' express representation that such an enforcement would not be effected. We would note, however, that Congress has made plain that, where discovery is intended to be substantively undertaken, relief from the automatic stay should be restricted to the need to preserve evidence. Illustrative of Congress' intent is the scenario in which "the terminal illness of an important witness m[ight] necessitate the deposition of the.witness prior to ruling on the motion to dismiss." Senate Report No. 104–98, 104th Congress, reprinted in *1995 U.S.C.C.A.N.* 679, 693 (1995). Here, the tangible evidence that is sought to be safeguarded, need only be preserved, and not disclosed, as would be the case if the documents were on the brink of destruction—a showing that, here, the Plaintiffs could not feasibly make without conducting substantive discovery.