In re CREE, INC. SECURITIES LITIGATION.

No. 1:03 CV 549.

United States District Court, M.D. North Carolina.

March 31, 2004.

Jeffrey Dean Patton, Reginald F. Combs, Blanco Tackabery Combs & Matamoros, P.A., Winston–Salem, NC, Jay W. Eisenhofer, Sidney S. Liebesman, Grant & Eisenhofer, P.A., Wilmington, DE, J. David James, Smith James Rowlett & Cohen, Greensboro, NC, Sherrie R. Savett, Berger & Montague, P.C., Philadelphia, PA, David Garrett Schiller, Schiller & Schiller, PLLC, Raleigh, NC, Kenneth J. Vianale, Julie Prag Vianale, Vianale & Vianale, LLP, Boca Raton, FL, Marvin Schiller, Raleigh, NC, Deborah R. Gross, Office of Bernard M. Gross, Philadelphia, PA, Robert N. Kaplan, Christine M. Fox, Kaplan Fox & Kilsheimer, LLP, New York City, Edward G. Connette, III, Lesesne and Connette, Charlotte, NC, Samuel H. Rudman, David A. Rosenfeld, Mario Alba, Jr., Cauley Geller Bowman Coates & Rudman, LLP, Melville, NY, S. Gene Cauley, Darrin L. Williams, Randall K. Pulliam, Cauley Geller Bowman & Rudman, LLP, Little Rock, AR, for plaintiffs.

Carl N. Patterson, Jr., Donald Hugh Tucker, Jr., Michael W. Mitchell, Smith Anderson Blount Dorsett Mitchell & Jernigan, Raleigh, NC, Bruce G. Vanyo, Wilson Sonsini Goodrich & Rosati, Palo Alto, CA, Gregory A. Harris, Nicholas I. Porritt, Wilson Sonsini Goodrich & Rosati, P.C., Reston, VA, for defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

Plaintiffs have filed a securities class action lawsuit against Defendant Cree, Inc., and various Cree officers and directors. This matter is before the court on Defendants' motion for a protective order requiring Plaintiffs to withdraw immediately fourteen document preservation subpoenas and to refrain from pursuing any further discovery until the court has ruled on Defendants' motion to dismiss. Defendants also seek attorney's fees. For the following reasons, the court will deny Defendants' motion for a protective order and for attorney's fees. However, because Plaintiffs served the subpoenas in violation of the Private Securities Litigation Reform Act, the court will quash the subpoenas.

## FACTS

This lawsuit began in June 2003, when nineteen class action lawsuits were filed against Cree, Inc., and certain Cree executives. On December 17, 2003, the court consolidated these actions and appointed lead counsel and lead plaintiff. Plaintiffs filed a Consolidated Class Action Complaint on January 16, 2004. Less than a week later, on January 20 and 22, 2004, Plaintiffs served subpoenas on fourteen non-parties. Thirteen of these subpoenas are outstanding.[1] The subpoenas direct the non-parties to preserve all documents concerning Defendants and caution that the documents may be necessary for the pending lawsuit. Plaintiffs did not seek leave of court before serving the subpoenas.

Two of the subpoenaed parties objected to Plaintiffs' document preservation requests as being overbroad. (See Decl. of John C. Kairis in Supp. of Pls.' Mem. in Opp'n to Defs.' Mot. for Protective Order, Exs. O, P.) Defendants also objected to the subpoenas, alleging that they violated the discovery stay provisions of the Private Securities Litigation Reform Act. On January 27, 2004, Defendants' counsel informed Plaintiffs by letter that Defendants would move for a protective order if Plaintiffs did not withdraw the sub-

poenas within two days. Plaintiffs refused, and on February 3, 2004, Defendants filed the instant motion.

## DISCUSSION

### I. Local Rule 26.1(c) Certification

As an initial matter, Plaintiffs contend that Defendants have not satisfied the procedural prerequisites to obtaining a protective order. Pursuant to Local Rule 26.1(c), a party may not make a discovery motion or objection without an accompanying certification that diligent attempts have been made to resolve the conflict. See Local R. of Civ., Crim., & Bankr.Practice of U.S.D. Ct., M.D.N.C., R. 26.1(c). Plaintiffs claim that Defendants did not file a Rule 26.1(c) certificate and, even if they had filed such a certificate, Defendants' actions do not demonstrate the requisite diligent attempt at resolution.

Defendants' efforts to confer with Plaintiffs consisted of a letter in which Defendants' counsel explained the basis for its objection and invited Plaintiffs' counsel to call if they wished to discuss the matter further. Defendants also claim to have "raised the issue telephonically" with Plaintiffs' counsel. (Defs.' Reply Mem. in Supp. of Defs.' Mot. for Protective Order at 8.) Plaintiffs responded with a letter asserting that they would reconsider their position "only if you produce evidence that the SEC has already imposed an obligation on these third parties to preserve evidence." (Defs.' Mem. in Supp. of Defs.' Mot. for Protective Order, Ex. C, Letter from Liebesman to Roberts, Jan. 30, 2004.) Defendants argue that as a result of Plaintiffs' response, their conferral attempts were sufficient to meet the requirements of Local Rule 26.1(c).

▇ Defendants should note that "compliance with Local Rule 26.1(c) is not only mandatory, but essential to the discovery process in order to avoid unnecessary burden to the opposing party and the Court." *Med. Components, Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 179 (M.D.N.C.2002). However, by explaining their objection to the subpoenas, inviting Plaintiffs to discuss the matter,

1. On January 22, 2004, Plaintiffs withdrew one of the subpoenas.

and seeking to confer with Plaintiffs by telephone, Defendants have made efforts toward cooperation before soliciting the aid of the court. In light of Plaintiffs' response to these efforts, Defendants reasonably concluded that subsequent attempts to resolve the dispute would be ineffectual. Therefore, the court finds that under the totality of the circumstances, Defendants have met the conferral requirement central to Local Rule 26.1(c). *See Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 197–98 (N.D.W.Va.2000). Anything other than strict compliance with procedural requirements in the future will be treated with less tolerance, however.

II. Plaintiffs' Subpoenas

This case is governed by the Private Securities Litigation Reform Act ("PSLRA"). The PSLRA provides that "[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or prevent undue prejudice to that party." 15 U.S.C. § 78u–4(b)(3)(B). Because Plaintiffs did not file a motion to serve the document preservation subpoenas, Defendants request that the court order Plaintiffs to withdraw the subpoenas and bar Plaintiffs from further discovery until the stay is lifted.

Plaintiffs do not dispute their failure to obtain court permission before serving the subpoenas. Instead, they assert that Defendants lack standing to raise the issue and that other courts have allowed document preservation subpoenas to preserve the *status quo*. Unfortunately for Plaintiffs, neither of these arguments justifies the unauthorized subpoenas.

■ As a general proposition, a party lacks standing to challenge a third-party subpoena unless the party claims a personal right or privilege with respect to the documents requested in the subpoena. *See* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (2004). However, in securities fraud lawsuits governed by the PSLRA, all discovery is

stayed against parties and non-parties alike until the court has addressed the sufficiency of the complaint. 15 U.S.C. § 78u–4(b)(3)(B). A central purpose of the stay is to protect against abusive and excessive discovery costs. *See In re Carnegie Int'l Corp. Sec. Litig.*, 107 F.Supp.2d 676, 679 (D.Md.2000) (discussing Congressional intent to limit discovery costs and abuses in PSLRA actions); *Powers v. Eichen*, 961 F.Supp. 233, 235–36 (S.D.Cal.1997) (same). Given the intent of the stay provision and its application to all types of discovery, Defendants have standing to challenge Plaintiffs' subpoenas. *See Powers*, 961 F.Supp. at 235 (finding that defendants had standing to challenge subpoenas *duces tecum* served on non-parties pursuant to PSLRA).

■ Plaintiffs' argument regarding the document preservation subpoenas also fails. Plaintiffs' primary motivation for issuing the subpoenas is the fear that non-parties may intentionally or inadvertently destroy relevant documents in their possession. Plaintiffs note that many of the third parties served with subpoenas are businesses, which typically have document retention and destruction policies. Plaintiffs believe that certain of these non-parties may be implicated in the alleged securities fraud, giving them a heightened incentive to destroy relevant documents. Plaintiffs contend that serving document preservation subpoenas on non-parties is consistent with Congressional intent to maintain the *status quo* and thus does not violate the stay.

To support this claim, Plaintiffs cite *In re Grand Casinos, Inc. Sec. Litig.*, 988 F.Supp. 1270, 1272–73 (D.Minn.1997) (lifting stay to permit service of third party document preservation subpoenas); *In re Tyco Int'l. Ltd. Sec. Litig.*, 2000 WL 33654141, at *3, 5 (D.N.H. July 27, 2000) (allowing plaintiff to serve preservation subpoenas on third parties); and *Neibert v. Monarch Dental Corp.*, 1999 WL 33290643, at *1 (N.D.Tex. Oct.20, 1999) (granting plaintiffs' request to serve document preservation subpoenas to non-parties). While these courts concluded that document preservation subpoenas did not contravene the purpose of the discovery stay, none of these cases stand for the proposition

that a PSLRA plaintiff may serve such subpoenas without leave of court. In each case, the party seeking to serve the subpoenas asked the court to lift the discovery stay prior to service. *See Grand Casinos,* 988 F.Supp. at 1272; *Tyco,* 2000 WL 33654141, at *1; *Neibert,* 1999 WL 33290643, at *1. Though Plaintiffs seek only to preserve relevant evidence, the court is unpersuaded that such requests are not "discovery" under the plain language of the statute. Because Plaintiffs unilaterally served the subpoenas in violation of the PSLRA, the court will quash the thirteen outstanding subpoenas.

 Nevertheless, the court recognizes that the potential for destruction of evidence exists, especially in securities fraud cases. *See Grand Casinos,* 988 F.Supp. at 1271–73; *Tyco,* 2000 WL 33654141, at *3. Consequently, the protective order Defendants seek is too harsh a remedy.[2] An absolute bar on Plaintiffs' attempts to lift the stay does not accord with the PSLRA, which allows the court to grant relief from the stay in exceptional circumstances. *See In re Fluor Corp. Sec. Litig.,* 1999 WL 817206, at *2 (C.D.Cal. Jan.15, 1999). Because Plaintiffs' concerns regarding document destruction may be legitimate, a protective order prohibiting further attempts to lift the stay will be denied. Should Plaintiffs seek leave to lift the stay, however, they must demonstrate that the requested discovery is particularized and necessary to preserve evidence or prevent undue prejudice. *See* 15 U.S.C. § 78u–4(b)(3)(B). Preservation subpoenas requiring maintenance of "virtually every piece of paper and every piece of information" regarding Defendants will not justify departure from the stay. *Carnegie,* 107 F.Supp.2d at 684. Similarly, "wholly speculative assertions as to the risk of lost evidence and undue prejudice" will not satisfy the standard. *Novak v. Kasaks,* 1996 WL 467534, at *1 (S.D.N.Y. Aug.16, 1996).

## CONCLUSION

For the foregoing reasons, the court will deny Defendants' motions for a protective

order and attorney's fees. The court also will quash the thirteen outstanding non-party subpoenas. Pursuant to 15 U.S.C. § 78u–4(b)(3)(B), discovery is stayed pending further notice from the court.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

### ORDER

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendants' motion [Doc. # 38] for a protective order is **DENIED**.

IT IS FURTHER ORDERED that Defendants' motion [Doc. # 38] for attorney's fees is **DENIED**.

IT IS FURTHER ORDERED that the thirteen outstanding non-party subpoenas are **QUASHED**.

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 78u–4(b)(3)(B), discovery is **STAYED** pending further notice from the court.

---

**2.** This is especially true in light of the fact that Defendants' motion itself suffers from a proce- dural defect. *See* Part I, *supra.*