In re: **NATIONAL CENTURY FINANCIAL ENTERPRISES, INC. FINANCIAL INVESTMENT LITIGATION**

**Michael Mahoney, Louis Janssen and Larry R. White on behalf of themselves, and all others similarly situated Plaintiffs,**

v.

**John F. Andrews, et al Defendants.**

**John P. Houlihan, on behalf of himself, and all others similarly situated, Plaintiffs,**

v.

**John F. Andrews Defendants.**

**Nos. 2:03–MD–1565, 3:03 CV 467–J–25–TEM, 3:03 CV 656–J–25–TEM.**

United States District Court, S.D. Ohio, Eastern Division.

Nov. 26, 2004.

James E. Arnold of Clark, Perdue, Roberts & Scott, LPA in Columbus, OH, for Plaintiffs.

Frank Magliochetti, Cedrick Johnson, George Kuselias, Sam Romeo, Albert Marston and Suzanne Hosch by William Deem, McGuire Woods, LLP, Jacksonville, FL, for Defendants.

## ORDER

ABEL, United States Magistrate Judge.

This matter is before the Magistrate Judge on Plaintiffs' August 26, 2004 motion for leave of court to issue document preservation subpoena to non-party Med Diversified, Inc. (doc. 480). Lead Plaintiffs in this Multi-district Litigation case ("MDL") requests that this Court permit the service of the subpoena *duces tecum* for the limited purpose of informing Med Diversified of the existing class action and imposing upon them a duty to preserve relevant evidence. Defendants argue that Plaintiffs have failed to make the necessary showing under the Private Securities Litigation Reform Act, and therefore, it would be improper to issue a preservation subpoena.[1]

### I. Facts.

This dispute is related to a class action suit pending against National Century Financial Enterprise ("NCFE"). The primary action was brought on behalf of investors who purchased common stock in e-MedSoft.cm (N/K/A "Med Diversified, Inc.") alleging violations of federal securities laws. The complaint alleges, among other things, that NCFE used Med Diversified as its personal piggybank to the detriment of Med Diversified shareholders. As part of Defendants' alleged fraudulent scheme, NCFE took money out of Med Diversified by charging large fees for accounts receivable that Med Diversified sold to NCFE for cash. NCFE would then use these accounts receivable and other "phantom" accounts receivable from Med Diversified and other controlled

---

1. Defendants challenging this motion are Suzanne Hosch, Cedrick Johnson, Sam Romeo, Frank Magliochetti, George Kuselias, and Albert Marston.

health care providers to back notes that NCFE issued to institutional investors and pension funds. These note offerings provided a cash stream to NCFE, which permitted it to purchase more "phantom" receivables from Med Diversified. Then on November 27, 2002, Med Diversified and many of its subsidiaries and affiliates filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Eastern District of New York.

Med Diversified is planning to liquidate in accordance with the liquidation plan filed with the Bankruptcy Court in March of 2004. It has, with the approval of the Bankruptcy Court, sold most of its assets and assigned most of its contracts and leases to one of its wholly-owned subsidiaries that is planning to reorganize. Once Med Diversified's liquidation plan is confirmed, the company's shares will be cancelled and the company will be dissolved. Since it is dissolving pursuant to the liquidation plan, potentially there are documents and information relating to the Plaintiffs claims against NCFE which are currently in the possession of Med Diversified and may no longer be available unless preserved.

## II. Discussion.

This class action alleges violations of the federal securities laws and is governed by the Private Securities Litigation Reform Act ("PSLRA"). 15 U.S.C. § 78u–4. The PSLRA was enacted in 1996 to remedy a number of perceived abuses that arose in the prosecution of class actions claiming violations of federal securities laws. *In re Grand Casinos Inc., Sec. Litig.,* 988 F.Supp. 1270, 1271 (D.Minn.1997). It provides as follows:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u–4(b)(3)(B).

■ The Congressional history illustrates the rationale of this provision:

> The Securities Subcommittee heard testimony that discovery in securities class actions resembles a fishing expedition.... Thus, plaintiffs sometimes file frivolous lawsuits in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint. Accordingly, the Committee has determined that discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the class complaint. Courts should stay all discovery pending a ruling on a motion to dismiss a securities class action, except in the exceptional circumstance where particularized discovery is necessary to preserve evidence or to prevent undue prejudice to a party.

Senate Report No. 104–98, 104th Congress, reprinted in 1995 U.S.C.C.A.N. 679, 693 (1995). Courts have read this provision as requiring any party seeking to issue a preservation subpoena to a nonparty to first ask for leave of court. The court will grant leave when the party requesting the preservation has fulfilled the requirements of (b)(3)(B) which requires a showing that exceptional circumstances exist. This standard is met when (1) the party demonstrates that the preservation subpoena is seeking "particularized discovery" and (2) that such discovery is either necessary to preserve evidence or necessary to prevent undue prejudice to the party seeking preservation. *In re Tyco Int'l, Ltd. Sec. Litig.,* 2000 WL 33654141 *1, 3–4 (D.N.H. July 27, 2000).

## A. Particularized Discovery.

█ A discovery request meets the particularized requirement if it is "directed at specific persons" and sufficiently limits the type of documents to be preserved. *In re Tyco Int'l, Ltd., Sec. Litig.*, 2000 WL 33654141 at *4. The court in *Tyco* permitted non-party preservation subpoenas to be issued because the plaintiffs identified named individuals rather than a generalized group of persons. *Id.* However, it is not enough that the non-party is sufficiently identified, a discovery request must identify the "specific types of evidence that fall within its scope." *Id.*

Plaintiffs argue that the preservation subpoena is sufficiently particularized because it is aimed at a single identified corporation: Med Diversified. It also sufficiently limits the types of documents to be preserved because the Hall affidavit attached to their motion identifies specific categories and types of documents to be preserved. Moreover, they argue that a more liberal particularity standard applies because the subpoenas only seek to have Med Diversified preserve documents rather than having Med Diversified produce them.

Defendants argue that the preservation request is not sufficiently particularized because it requests "an open-ended, boundless universe of materials . . . ." which does not meet the particularity requirement. *In re Tyco Int'l, Ltd., Sec. Litig.*, 2000 WL 33654141 at *4. Here Plaintiffs are seeking 45 categories of documents. The preservation request asks for such generalized information as "all documents related to any acquisition" and "all documents related to any communication."

While there is a split of authority as to whether subpoenas to preserve documents should be treated differently from subpoenas to produce, this issue does not need to be resolved by this Court at this time. *See In re Tyco Int'l, Ltd. Sec. Litig.*, 2000 WL 33654141 at *3, FN 3. Attached to Plaintiffs' motion to issue the preservation subpoena is the Hall Affidavit. This affidavit contains a copy of the subpoena *duces tecum* that Plaintiffs would like to serve on Med Diversified. It sets forth 45 categories of documents that it would like Med Diversified to preserve. Many of the categories listed in the subpoena appear to be open-ended. For example, Category 1 asks for "[a]ll documents concerning acquisitions, completed or otherwise, by e-Med-Soft, including any due diligence and fairness opinions." Category 37 requests the preservation of "[a]ll documents concerning diaries, appointment calendars, and telephone logs maintained by Med Diversified." Plaintiffs appear to argue that virtually all Med Diversified documents are relevant because it was a vehicle for NCFE and others to commit fraud.

█ Med Diversified is liquidating. There is a real danger that documents may be lost if not preserved. There are also issues about who will pay for the warehousing of the Med Diversified documents. While I have concerns about the particularity of the document requests, I believe it the better course to authorize Plaintiffs to serve the document requests. If the custodian of the Med Diversified documents has concerns about the burdens imposed by the alleged lack of particularity in the document request, then Med Diversified and/or the custodian can make those arguments to this Court. The present record is simply too sparse to determine the likely burdens caused by the preservation order.

## B. Necessary.

In order to have a non-party preservation subpoena issued, the party seeking

preservation must also make a showing that the discovery is either necessary to preserve evidence or necessary to prevent undue prejudice to the party. 15 U.S.C. 78u–4(3)(B)(3). It may be necessary to issue a preservation subpoena to a non-party when the non-party does not have actual notice of the litigation or when the non-party is a corporate entity which typically destroys electronic information by "performing routine backup procedures." *In re Tyco Int'l, Ltd., Sec. Litig.*, 2000 WL 33654141 at *3. Instead of showing that the preservation is necessary to preserve the evidence, the party may show that absent the preservation subpoena the party will suffer undue prejudice. *Id.* Undue prejudice occurs when there is "improper or unfair detriment." *Id.* at *4 (quoting *Medical Imaging Centers of Am., Inc. v. Lichtenstein*, 917 F.Supp. 717, 720 (S.D.Cal.1996)). This can occur when failure to order the preservation subpoena would "effectively shield the defendants from eventual liability . . . ." *Id.* (quotation omitted).

Plaintiffs argue that the preservation subpoena is necessary because there is a significant risk that a great deal of Med Diversified's documents will be destroyed once the company has been dissolved through its liquidation plan. Plaintiffs also express concern that information held in electronic form will be destroyed or over-written according to business procedures. Moreover, there is concern that documents will be destroyed in the regular course of business or in accordance with document destruction policies.

Defendants argue that Plaintiffs have failed to show with sufficiency that failure to order preservation of the Med Diversified documents will result in a true risk of loss. Rather, Plaintiffs simply claim that the documents may no longer be available and that it is likely that documents will be destroyed.

Plaintiffs have shown that the preservation subpoena is necessary to preserve the documents held by Med Diversified. Med Diversified is currently undergoing Chapter 11 bankruptcy and will likely be dissolved. Accordingly, the documents held by Med Diversified will likely be destroyed. The destruction of the documents and electronic information currently held by Med Diversified will likely cause actual prejudice to the Plaintiffs as Med Diversified was an integral participant in the claims that Plaintiffs have asserted against NCFE in the MDL case.

## III. Conclusion.

Accordingly, Plaintiffs' August 26, 2004 motion for leave of court to issue document preservation subpoena to non-party Med Diversified, Inc. (doc. 480) is **GRANTED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(A), Rule 72(a), Fed.R.Civ.P. and Eastern Division Order No. 91–3, pt. F., 5 either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.